IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                       Case No.:  3:12mj21/EMT

BOBBY JOE ROGERS,
    Defendant.
                              /

## ORDER

Defendant has filed a Motion for Psychiatric Examination to Determine Mental Competency and Sanity at Time of Alleged Offense (doc. 11). The Government does not oppose the motion (*id.* at 5). I find that the motion states good grounds for ordering an examination of the Defendant to determine his competency to stand trial and sanity at the time of the alleged offense. Thus, Defendant's motion shall be **GRANTED**.

Accordingly, it hereby **ORDERED:**

1.     Pursuant to 18 U.S.C. § 4247(b), Defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility designated by the Bureau of Prisons ("BOP"). The statutory commitment period provided in section 4247(b) (i.e., for the competency examination a "reasonable period," not to exceed thirty days, and for the sanity examination a "reasonable period," not to exceed forty-five days) shall not commence until the day Defendant arrives at the facility for evaluation. Until that time, Defendant is in pretrial detention en route to that commitment.[1] Additionally, the director of the facility may apply for a reasonable extension, not to exceed fifteen days under section 4241 (competency), and not to exceed thirty days under section 4242 (sanity), upon a showing of good cause that the additional time is necessary to

---

[1] At Defendant's initial appearance in the above-styled cause, held January 5, 2012, the Government sought his detention, Defendant waived his right to a detention hearing, and Defendant was ordered detained.

observe and evaluate Defendant.  18 U.S.C. § 4247(b).

2. The examination for mental <u>competency</u> shall be conducted in accordance with 18 U.S.C. § 4241(b) and 18 U.S.C. §§ 4247(b) and (c) and shall be conducted as soon as practicable upon Defendant's arrival at the facility.  The psychiatric or psychological report regarding Defendant's competency shall address those matters set forth in § 4247(c)(1)–(4), which include: "(1) the [Defendant's] history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis," as well as § 4247(c)(4)(A) (a statement regarding Defendant's competency, the key issue being whether Defendant "is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").  Additionally, the psychiatric or psychological report shall be filed with the court, with copies provided to counsel for Defendant and the Government.  *See* 18 U.S.C. § 4247(c).

3 The examination to determine the existence of <u>sanity</u> at the time of the offense shall also be conducted as soon as practicable upon Defendant's arrival at the facility.  The psychiatric or psychological examiner shall prepare a <u>separate</u> report regarding Defendant's sanity at the time of the charged offense.  The report shall address those matters set forth in § 4247(c)(1)–(4), as well as § 4247(c)(4)(B) (a statement regarding Defendant's sanity at the time of the offense, the key issue being whether "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable  to appreciate the nature and quality or the wrongfulness of his acts" (*see* 18 U.S.C. § 17)).  A copy of the sanity report shall be provided <u>only</u> to Defendant's counsel for his use in determining whether to file a notice of insanity defense pursuant to Fed. R. Crim. P. 12.2(a).[2]

4. The United States Marshal is directed to immediately report the designation made

---

[2] The undersigned notes that since such a notice has not yet been filed, the sanity examination and report is technically not ordered pursuant to 18 U.S.C. § 4242.  Nevertheless, the time period of commitment for a § 4242 examination, as set forth *supra*, will apply, but at this point the disclosure requirements set forth in 18 U.S.C. § 4247(c) do not apply (Defendant's counsel acknowledges that if a notice of insanity defense is filed, at that time the Government would be entitled to receive a copy of the  sanity report and request a further examination if deemed necessary (*see* doc. 11 at 3)).

Case No. 3:12mj21/EMT

by the BOP and transport Defendant to the designated facility at the earliest possible time and in the most expeditious manner for these examinations.

5.      Upon completion of the examinations, the United States Marshal shall transport Defendant back to this district at the earliest possible time and in the most expeditious manner for further proceedings.

6.      The Clerk of the Court shall furnish a copy of this order to the United States Marshal and the BOP.  The Clerk shall also provide the BOP with a copy of Defendant's motion for the examinations (doc. 11), the complaint, and the pretrial services report.

**DONE AND ORDERED** this 13<u>th</u> day of January 2012

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**